# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No.  CR05-870 PHX DGC |
| | ) | |
| v. | ) | |
| | ) | |
| Jeffrey A. Kilbride | ) | |
| James R. Schaffer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

# JURY INSTRUCTIONS

DATED:     June 22, 2007

_____
David G. Campbell
United States District Judge

## JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## JURY INSTRUCTION NO. 2

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

## JURY INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

## JURY INSTRUCTION NO. 4

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**JURY INSTRUCTION NO. 5**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**JURY INSTRUCTION NO. 6**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

# JURY INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**JURY INSTRUCTION NO. 10**

The defendants are on trial only for the crimes charged in the indictment, not for any other activities.

## JURY INSTRUCTION NO. 11

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count.

## JURY INSTRUCTION NO. 12

You have heard that Defendants Kilbride and Schaffer made statements.  It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about each statement, including the circumstances under which the defendant may have made it.

As I previously instructed you, Defendant Kilbride's statement should be considered only with respect to the charges against Defendant Kilbride, and Defendant Schaffer's statement should be considered only with respect to the charges against Defendant Schaffer.

**JURY INSTRUCTION NO. 13**

You have heard evidence of the character for truthfulness of [*name of witness*], a witness. You may consider this evidence along with other evidence in deciding whether or not to believe that witness' testimony and how much weight to give to it.

**JURY INSTRUCTION NO. 14**

You have heard testimony from Andy Ellifson, Kirk Rogers, and Jennifer Clason, witnesses who pleaded guilty to crimes arising out of the same events for which the defendants are on trial. The guilty pleas of these witnesses are not evidence against the defendants, and you may consider them only in determining the believability of these witnesses.

You have also heard testimony from Christopher Compston and Laval Law, witnesses who received immunity. Their testimony was given in exchange for a promise by the government that they will not be prosecuted.

In evaluating the testimony of all of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine their testimony with greater caution than that of other witnesses.

# JURY INSTRUCTION NO. 15

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JURY INSTRUCTION NO. 16

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

# JURY INSTRUCTION NO. 17

The instructions I am about to give you use the word "knowingly." Generally, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

In Counts One through Seven, the government is not required to prove that the defendant knew that his acts or omissions were unlawful. Count Eight contains a different knowledge requirement which I will explain when I give you the instructions on Count Eight.

**JURY INSTRUCTION NO. 18**

Unless specifically indicated otherwise, when a term is defined in these instructions, its definition applies each time the term is used.

**JURY INSTRUCTION NO. 19**

The indictment charges that certain offenses were committed "on or about" a certain date or range of dates.  It is not necessary that the proof establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Please remember, however, that the CAN-SPAM Act did not become effective until January 1, 2004.  The offenses charged in Counts One, Two, Three, and Eight, therefore, could not have occurred before that date.

## JURY INSTRUCTION NO. 20

Count One of the indictment charges defendants Jeffrey A. Kilbride and James R. Schaffer with a criminal conspiracy in violation of Title 18, United States Code, Section 371, which provides in pertinent part that:

> If two or more persons conspire to commit any offense against the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy...

each commits an offense against the United States.

The government has alleged that the object of this conspiracy, also known as its goal, was to engage in the business of sending bulk unsolicited commercial electronic mail messages, commonly known as "spam messages," some with embedded pornographic images, over the Internet for the personal gain, benefit, profit and advantage of the defendants.

# JURY INSTRUCTION NO. 21

Count One of the indictment specifically charges defendants Jeffrey A. Kilbride and James R. Schaffer with conspiring to commit the following two crimes: First, knowingly materially falsifying header information in multiple commercial electronic mail messages, and intentionally initiating the transmission of such messages, in violation of Title 18, United States Code, Section 1037(a)(3).  Second, knowingly registering two or more domain names using information that materially falsified the identity of the actual registrant, and intentionally initiating the transmission of multiple commercial electronic mail messages from these domain names, in violation of Title 18, United States Code, Section 1037(a)(4).

In order to sustain the charge in Count One against each defendant, the government must prove the following three elements beyond a reasonable doubt:

(1) That beginning on or about January 1, 2004 and ending on or about April 12, 2005, there was an agreement between two or more persons to commit at least one of the two crimes I have just described from Sections 1037(a)(3) and 1037(a)(4) of Title 18, United States Code;

(2) That the defendant you are considering became a member of the conspiracy knowing of its object and intending to help accomplish it; and

(3) That one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

If you find that each of these elements has been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count One.  If, on the other hand, you find that any of these elements has not been proved beyond a reasonable doubt for that defendant, then you should find him not guilty of Count One.

**JURY INSTRUCTION NO. 22**

I shall now describe the law of conspiracy.  This law also applies to Count Eight, which we will discuss shortly.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the two crimes described above as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

## JURY INSTRUCTION NO. 23

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

**JURY INSTRUCTION NO. 24**

Count Two of the Indictment charges defendants Jeffrey A. Kilbride and James R. Schaffer with knowingly materially falsifying header information in multiple commercial electronic mail messages, and intentionally initiating the transmission of such messages in or affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 1037(a)(3).  This statute provides in pertinent part that:

> Whoever, in or affecting interstate or foreign commerce, knowingly … materially falsifies header information in multiple commercial electronic mail messages and intentionally initiates the transmission of such messages,

commits an offense against the United States.

# JURY INSTRUCTION NO. 25

In order to prove the charge in Count Two against each defendant, the government must prove each of the following four elements beyond a reasonable doubt:

(1)     Between on or about January 30, 2004 and November 10, 2004, the defendant you are considering knowingly materially falsified the header information in multiple electronic mail messages;

(2)     The electronic mail messages were commercial in nature;

(3)     The defendant you are considering intentionally initiated the transmission of such electronic mail messages; and

(4)     The electronic mail messages were transmitted in or affected interstate or foreign commerce.

If you find that each of these elements has been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count Two.  If, on the other hand, you find that any one of these elements has not been proved beyond a reasonable doubt for the defendant you are considering, then you should find him not guilty of Count Two.

# JURY INSTRUCTION NO. 26

The term "electronic mail message" means a message sent to a unique electronic mail address.

The term "multiple" means more than 100 electronic mail messages during a 24-hour period, more than 1,000 electronic mail messages during a 30-day period, or more than 10,000 electronic mail messages during a 1-year period.

The term "header information" means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message.

Header information is "materially falsified" if it is altered or concealed in a manner that would impair the ability of a recipient of the message, an Internet access service processing the message on behalf of a recipient, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation.

An electronic mail message is "commercial" if its primary purpose is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose).

The term "initiate," when used with respect to a commercial electronic mail message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message. More than one person may be considered to have initiated a message.

The term "procure," when used with respect to the initiation of a commercial electronic mail message, means intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf.

"Interstate commerce" means commerce or travel between one state of the United States and another state of the United States. "Foreign commerce" includes commerce with a foreign country. Thus, the phrase "were transmitted in or affected interstate or foreign commerce" means that the data, at any time, traveled or moved between one state or foreign country and another.

## JURY INSTRUCTION NO. 27

A defendant may be found guilty of violating 18 U.S.C. § 1037(a)(3) as charged in Count Two even if he personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

(1)   A violation of 18 U.S.C. § 1037(a)(3) was committed by someone;

(2)   That the defendant you are considering knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit those acts; and

(3)   That the defendant you are considering acted before the crime was completed.

It is not enough that the defendant you are considering merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person violate 18 U.S.C. § 1037(a)(3).  The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**JURY INSTRUCTION NO. 28**

Count Three of the indictment charges that defendants Jeffrey A. Kilbride and James R. Schaffer knowingly registered two or more domain names using information that materially falsified the identity of the actual registrant, and intentionally initiated the transmission of multiple commercial electronic mail messages from this combination of domain names, in violation of Title 18, United States Code, Section 1037(a)(4). That statute provides in pertinent part that:

> Whoever, in or affecting interstate or foreign commerce, knowingly… registers, using information that materially falsifies the identity of the actual registrant, for five or more electronic mail accounts or online user accounts or two or more domain names, and intentionally initiates the transmission of multiple commercial electronic mail messages from any combination of such accounts or domain names, commits an offense against the United States.

## JURY INSTRUCTION NO. 29

In order to prove the charge in Count Three against each defendant, the government must prove the following five elements beyond a reasonable doubt:

1. Between on or about January 30, 2004 and November 10, 2004, the defendant you are considering knowingly registered two or more domain names;

2. The defendant you are considering knowingly and materially falsified the identity of the actual registrant of said domain names;

3. The defendant you are considering intentionally initiated the transmission of multiple electronic mail messages from any combination of said domain names;

4. The electronic mail messages were commercial in nature; and

5. The electronic mail messages were transmitted in or affected interstate or foreign commerce.

If you find that each of these elements has been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count Three.  If, on the other hand, you find that any one of these elements has not been proved beyond a reasonable doubt for that defendant, then you should find him not guilty of Count Three.

**JURY INSTRUCTION NO. 30**

The term "domain name" means any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet.

Registration information is "materially falsified" if it is altered or concealed in a manner that would impair the ability of a recipient of the message, an Internet access service processing the message on behalf of a recipient, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation.

**JURY INSTRUCTION NO. 31**

A defendant may be found guilty of violating 18 U.S.C. § 1037(a)(4) as charged in Count Three even if he personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

(1)     A violation of 18 U.S.C. § 1037(a)(4) was committed by someone;

(2)     That the defendant you are considering knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit those acts; and

(3)     That the defendant you are considering acted before the crime was completed.

It is not enough that the defendant you are considering merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person violate 18 U.S.C. § 1037(a)(4). The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## JURY INSTRUCTION NO. 32

Counts Four and Five of the Indictment charge defendants Jeffrey A. Kilbride and James R. Schaffer with the importation or transportation of obscene matters in violation of Title 18, United States Code, Section 1462, which provides in pertinent part that:

> Whoever brings into the United States . . . or knowingly uses any express company or other common carrier or interactive computer service . . . for carriage in interstate or foreign commerce . . . any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character; or . . . [w]hoever knowingly takes or receives, from such express company or other common carrier or interactive computer service . . . any matter or thing the carriage or importation of which is herein made unlawful,

commits an offense against the United States.

## JURY INSTRUCTION NO. 33

In order to prove the charge in Count Four against each defendant, the government must prove each of the following three elements beyond a reasonable doubt:

(1)     On or about July 3, 2004, the defendant you are considering knowingly used an interactive computer service to import or transport a computer graphic image titled "Fist Action!" in interstate or foreign commerce;

(2)     The defendant you are considering knew, at the time of such importation or transportation, the sexually oriented content of that material; and

(3)     The material was obscene.

If you find that each of these elements has been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count Four.  If, on the other hand, you find that any one of these elements has not been proved beyond a reasonable doubt for the defendant you are considering, then you should find him not guilty of Count Four.

**JURY INSTRUCTION NO. 34**

In order to prove the charges in Count Five against each defendant, the government must prove the following three elements beyond a reasonable doubt:

(1)    On or about September 17, 2004, the defendant you are considering knowingly used an interactive computer service to import or transport a computer graphic image titled "Ass Munchers!" in interstate or foreign commerce;

(2)    The defendant you are considering knew, at the time of such importation or transportation, the sexually oriented content of that material; and

(3)    The material was obscene.

If you find that each of these elements has been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count Five. If, on the other hand, you find that any one of these elements has not been proved beyond a reasonable doubt for the defendant you are considering, then you should find him not guilty of Count Five.

**JURY INSTRUCTION NO. 35**

The term "interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

# JURY INSTRUCTION NO. 36

One of the specific facts the government must prove in Counts Four through Seven is that the defendants knew of the sexually oriented contents of the materials which were imported or transported in interstate or foreign commerce.  The government does not have the obligation of showing that the defendants knew that such materials were in fact legally obscene, only that the defendants knew that they were sexually explicit.

To prove an image is "obscene," the government must satisfy a three-part test:  (1) that the average person, applying contemporary community standards, would find that the image as a whole appeals predominantly to the prurient interest; (2) that it depicts or describes sexual conduct in a patently offensive way; and (3) that the image, taken as a whole, lacks serious literary, artistic, political, or scientific value.

An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, as distinguished from a mere candid interest in sex.  The first test for obscenity, therefore, is whether the predominant theme or purpose of the image, when viewed as a whole, is an appeal to the prurient interest of an average person in the community.

The second test is whether the image depicts or describes sexual conduct in a patently offensive way.  The Supreme Court of the United States has given the following examples of materials which may satisfy this requirement:  (a) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated; (2) patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.

These first two tests are to be decided by applying contemporary community standards.  This means that you should make the decision in the light of contemporary standards that would be applied by the average adult person in the community, with an average and normal attitude toward – and interest in – sex.  Contemporary community standards are set by what is in fact accepted in the community as a whole; that is to say by society at large, or people in general, and not merely by what the community tolerates nor by what some persons or groups of persons may believe the community as a whole ought to accept or refuse to accept.  The decision should not be based on your personal beliefs or opinions, but on the standards accepted by the community as a whole.  Thus, in deciding whether the first two tests of the obscenity analysis have been satisfied, you must decide whether the images would appeal predominantly to prurient interests and would depict sexual conduct in a patently offensive way when viewed by an average adult person in the community as a whole.  Matter is patently offensive by contemporary community standards if it so exceeds the generally accepted limits of candor in the community as to be clearly offensive.  The "community" you should consider in deciding these questions is not defined by a precise geographic area.  You may consider evidence of standards existing in places

outside of this particular district.

The parties have presented evidence concerning contemporary community standards. You should consider the evidence presented, but you may also consider your own experience and judgment in determining contemporary community standards.

The third test for obscenity is whether the material, taken as a whole, lacks serious literary, artistic, political, or scientific value. Unlike the first two tests, this third test is not to be decided by contemporary community standards, but rather on the basis of whether a reasonable person, considering the material as a whole, would find that the material lacks serious literary, artistic, political, or scientific value. An item may have serious value in one or more of these areas even if it portrays sexually oriented conduct. It is for you to say whether the material in this case has such value.

All three of these tests must be met before the material in question can be found to be obscene. If any one of them is not met, the material is not obscene within the meaning of the law.

**JURY INSTRUCTION NO. 37**

In determining whether the charged materials are obscene, you are not limited to the materials themselves.  You may also consider the setting, or context, in which the materials were presented.  Examples of what you may consider in this regard are such things as the manner of distribution and the circumstances of production, sale, and advertising.  Such evidence may support a determination that the material is obscene even though, in another context, the material might not be obscene.

**JURY INSTRUCTION NO. 38**

A defendant may be found guilty of importation or transportation of obscene matters as charged in Counts Four and Five even if he personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

(1)    That the importation or transportation of obscene matters was committed by someone;

(2)    That the defendant you are considering knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of importation or transportation of obscene matters; and

(3)    That the defendant you are considering acted before the crime was completed.

It is not enough that the defendant you are considering merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person transport obscene matters.  The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**JURY INSTRUCTION NO. 39**

Counts Six and Seven of the indictment charge defendants Jeffrey A. Kilbride and James R. Schaffer with the transportation of obscene matters for sale or distribution, in violation of Title 18, United States Code, Section 1465, which provides in pertinent part:

> Whoever knowingly transports or travels in, or uses a facility or means of, interstate or foreign commerce or an interactive computer service . . . in or affecting such commerce, for the purpose of sale or distribution of any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film . . . or any other matter of indecent or immoral character,

commits an offense against the United States.

## JURY INSTRUCTION NO. 40

In order to prove the charges in Count Six against each defendant, the government must prove the following four elements beyond a reasonable doubt:

(1)     On or about July 3, 2004, the defendant you are considering knowingly transported, in or using a facility or means of interstate or foreign commerce, a computer graphic image titled "Fist Action!";

(2)     The defendant you are considering transported such material for the purpose of selling or distributing it;

(3)     The defendant you are considering knew, at the time of such transportation, of the sexually oriented content of the material; and

(4)     The material was obscene.

If you find that each of these elements has been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count Six.  If, on the other hand, you find that any one of these elements has not been proved beyond a reasonable doubt for the defendant you are considering, then you should find him not guilty of Count Six.

## JURY INSTRUCTION NO. 41

In order to prove the charges in Count Seven against each defendant, the government must prove the following four elements beyond a reasonable doubt:

(1)     On or about September 17, 2004, the defendant you are considering knowingly transported, in or using a facility or means of interstate or foreign commerce, a computer graphic image titled "Ass Munchers!",

(2)     The defendant you are considering transported such material for the purpose of selling or distributing it;

(3)     The defendant you are considering knew, at the time of such transportation, of the sexually oriented content of the material; and

(4)     The material was obscene.

If you find that each of these elements has been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count Seven.  If, on the other hand, you find that any one of these elements has not been proved beyond a reasonable doubt for the defendant you are considering, then you should find him not guilty of Count Seven.

**JURY INSTRUCTION NO. 42**

To transport "for the purpose of sale or distribution" means to transport, not for personal use, but with the intent to ultimately transfer possession of the materials involved to another person or persons, with or without any financial interest in the transaction.

**JURY INSTRUCTION NO. 43**

In determining whether the material at issue was knowingly transported for the purpose of sale or distribution, you are instructed that the transportation of two or more copies of any publication or two or more of any article of the character described above, or a combined total of five such publications and articles, shall create a presumption that such publications or articles are intended for sale or distribution, but such presumption shall be rebuttable by the defendants.

# JURY INSTRUCTION NO. 44

A defendant may be found guilty of transportation of obscene matters for sale or distribution as charged in Counts Six and Seven even if he personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

(1)     That the transportation of obscene matters for sale or distribution was committed by someone;

(2)     That the defendant you are considering knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of transportation of obscene matters for sale or distribution; and

(3)     That the defendant you are considering acted before the crime was completed.

It is not enough that the defendant you are considering merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person transport obscene matters for sale or distribution.  The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**JURY INSTRUCTION NO. 45**

Count Eight of the indictment charges defendants Jeffrey A. Kilbride and James R. Schaffer with conspiring to commit the offense of money laundering in violation of 18 U.S.C. § 1956.

## JURY INSTRUCTION NO. 46

The money laundering offense that the government alleges the defendants conspired to commit is a violation of 18 U.S.C. § 1956(a)(2)(B)(i).  A person violates  this section if each of the following elements occur:

1.  The person transports or attempts to transport money from a place in the United States to or through a place outside the United States, or the person transports or attempts to transport money to a place in the United States from or through a place outside the United States;

2.  The person knows that the money represents the proceeds of some form of unlawful activity, in this case, the a violation of 18 U.S.C. § 1037(a)(3) or § 1037(a)(4) as set forth in Counts Two and Three of the Indictment;

3.  The person knows that the transportation, transmission, or transfer of the money was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds from one of the specified unlawful activities, in this case the transportation of obscene material in violation of 18 U.S.C. § 1462, as alleged in Counts Four and Five of the Indictment, or the transportation of obscene material for sale or distribution, in violation of 18 U.S.C. § 1465, as alleged in Counts Six and Seven of the Indictment; and

4.  The person does something that is a substantial step toward committing this money laundering crime.

To know that money involved in a financial transaction represents the proceeds of some form of unlawful activity, the person must know that the money represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under State, Federal, or foreign law.

# JURY INSTRUCTION NO. 47

Because the government charges the defendant with conspiring to commit this money laundering offense, it need not prove that they actually committed the offense.  Rather, it must prove that they conspired to commit the offense.

In order to sustain its burden of proof for the crime of conspiracy to commit money laundering as charged in Count Eight against each defendant, the government must prove the following two elements beyond a reasonable doubt:

(1)     Beginning on or about January 1, 2004, and ending on or about January 24, 2005, there was an agreement between two or more persons to commit the money laundering offense I have just described; and

(2)     That the defendant you are considering became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

If you find that both of these elements have been proved beyond a reasonable doubt with respect to the particular defendant you are considering, then you should find that defendant guilty of Count Eight.  If, on the other hand, you find that either of these elements has not been proved beyond a reasonable doubt for that defendant, then you should find him not guilty of Count Eight.

I previously provided instructions on the law of conspiracy.  Those instructions are found in Jury Instruction ____.  I will not repeat the instruction again, but the same conspiracy law applies to Count Eight.  The language explaining "overt acts" does not apply here as none need be proven by the government in relation to Count Eight.

**JURY INSTRUCTION NO. 48**

You must decide whether the conspiracies charged in Counts One and Eight of the indictment existed, and, if they did, who at least some of their members were. If you find that either of the conspiracies charged did not exist, then you must return a not guilty verdict on that count, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**JURY INSTRUCTION NO. 49**

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The government has the burden of proving that the defendant did not withdraw from the conspiracy before the overt act – on which you all agreed – was committed by some member of the conspiracy.

# JURY INSTRUCTION NO. 50

A conspiracy is a kind of criminal partnership – an agreement between two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed  that crime.  Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the existence of and in furtherance of an unlawful scheme, and whether any offense was one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Therefore, you may find the defendant guilty of knowingly materially falsifying header information in violation of 18 U.S.C. § 1037(a)(3), as charged in Count Two of the indictment, if the government has proved each of the following elements beyond a reasonable doubt:

1. a person named in Count One of the indictment committed the crime of knowingly materially falsifying header information in violation of 18 U.S.C. § 1037(a)(3) as alleged in Count Two;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime of knowingly materially falsifying header information in violation of 18 U.S.C. § 1037(a)(3) in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count Two was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You may also find the defendant guilty of knowingly falsifying domain name information in violation of 18 U.S.C. § 1037(a)(4), as charged in Count Three of the indictment, if the government has proved each of the following elements beyond a reasonable doubt:

1. a person named in Count One of the indictment committed the crime of knowingly falsifying domain name information in violation of 18 U.S.C. § 1037(a)(4) as alleged in Count Three;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime of knowingly falsifying domain name information in violation of 18 U.S.C. § 1037(a)(4) in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count Three was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**JURY INSTRUCTION NO. 51**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 52

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

**JURY INSTRUCTION NO. 53**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

## JURY INSTRUCTION NO. 54

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**JURY INSTRUCTION NO. 55**

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

## JURY INSTRUCTION NO. 56

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.